58 CCPA

**Application of James D. WILSON.**
**Patent Appeal No. 8465.**

United States Court of Customs and Patent Appeals.
April 8, 1971.

Keith D. Beecher (Jessup & Beecher), Los Angeles, Cal., attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Lutrelle F. Parker, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and RE, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1, 2 and 4 of appellant's application [1] as obvious in view of the prior art. No claims are allowed.

### THE INVENTION

Appellant discloses display apparatus in the form of a dolly adapted to support a stack of receptacles for bakery products in either a horizontal position for transport or in an inclined position for easy access and display. The structure of the dolly is illustrated adequately

---

1. Serial No. 548,693, filed May 9, 1966, for "Display Apparatus".

in perspective view in Figure 2 of the application drawings, taken with a fragmentary enlarged view in Figure 3, both reproduced below:

[A3900]

[A3898]

The dolly includes a horizontal carriage made up of spaced groups of longitudinal metal rods 12 and 14 with groups of transverse rods 16 and 18 secured to their front and rear, respectively. Plates 20 attached to the corners of the carriage provide mountings for casters 23.

A rectangular frame 22 for supporting a stack of receptacles includes a pair of side rails 24 affixed to and supported on rods 26, the front ends of which rods are looped around the forward rod 16 so that the frame is hinged about the forward end of the carriage. The supporting frame also includes a transverse rod 28 at its rear end, about which rod is hinged a support bracket 30. This bracket, of generally U-shape, includes a pair of side rods 32, the upper or rear ends of which are looped about the rod 28 to form the hinge. A transverse rod 34 interconnects the rods 32 at an intermediate location. The lower ends of those rods are looped about respective ones of the longitudinal rods 12 and 14 of the carriage, and the resulting loops are closed by end portions of a transverse rod 36, affixed thereto as illustrated in Figure 3 (showing a rod 32 in the position it assumes when the supporting frame is horizontal).

The lower end of the support bracket 30 is thus free to move back and forth along the rods 12 and 14 as the frame 22 is moved between the horizontal position resting on the horizontal carriage and the inclined position shown in Figure 2. In the latter position the frame is releasably locked against accidental displacement by reason of open loops 12a and 14a (Figure 3) which receive the end portions of cross rod 36 which close the loops in the lower ends of the rods 32.

Claim 1 is representative and reads:

1. Display apparatus including a dolly, said dolly having a rectangular carriage normally supported in a horizontal plane and having a pair of spaced and parallel side rods, a receptacle-supporting frame hinged at one end thereof to the forward end of the carriage so as to be angularly movable between an inclined position with respect to the horizontal plane of said carriage and a horizontal position in the plane of said carriage, and a U-shaped supporting bracket for the frame hinged at the other end thereof having a bight portion engaging said carriage and having loops at the ends of said bight portion surrounding respective ones of said side rods of said carriage to cause said supporting bracket to be locked therewith for releasably supporting the frame in said inclined position and for limiting the angular movement of the frame with respect to the plane of said carriage.

Claims 2 and 4 are dependent on claim 1 and no contention is made that they are patentable for any different reason than that claim.

## THE REJECTION

The claims were rejected for obviousness under 35 U.S.C. 103 on Lang [2] in view of Martin.[3]

Lang discloses a dolly for the same purpose as appellant's dolly and having the same elements arranged in an almost identical manner. The only significant difference lies in the relationship of the lower end of the U-shaped supporting bracket that Lang employs to two longitudinal bars on a horizontal carriage with which it cooperates. The Lang bracket, like appellant's, is hinged to the rear of the hinged supporting frame and is movable between a horizontal position where the supporting frame is horizontal and a substantially vertical position where it holds the frame in an inclined position. The lower end of the bracket fits in open loops in spaced longitudinal bars to releasably lock the mechanism in the latter position. However, that end of the bracket is not provided with loops which encompass the bars as is appel-

2. U. S. Patent No. 2,916,293, issued December 8, 1959.

3. U. S. Patent No. 2,745,557, issued May 15, 1956.

lant's device but instead is free to ride on the top of the bars.

Martin discloses an all-wire collapsible newspaper rack which includes flat front and rear frame members, each formed from stiff wire to provide two spaced relatively-fixed legs. Two spaced ends of the wire forming the rear frame member are wrapped about a cross bar in the front section to form a hinged connection whereby the frame members may be moved between a folded position in the same plane and an open or standing position. The front member includes an additional horizontal cross bar extending between the two legs thereof. A U-shaped brace or bracket member has two wire ends at the open end of the U wrapped about the cross bar to provide a hinged connection therewith while the wire is looped about each of the two spaced legs of the rear member at the other end of the U. Thus the latter legs form guides which cooperate with the loops in the closed end of the brace during its movement therealong as the frame members are moved between the flat closed position and open position.

The reasoning of the examiner in rejecting the claims was that it would have been obvious to one skilled in the art to provide the lower end of the supporting bracket of Lang with loops extending around the longitudinal guide rods in view of the showing of such loops on the brace in Martin. Although the examiner considered an affidavit of the president of the assignee corporation of the present application regarding sales of the present device, he found it inadequate to prove commercial success attributable to the claimed invention. The board found it necessary only to express its conclusion that the examiner did not err in holding the claimed subject matter obvious.

## OPINION

We too think that the provision of loops on the support bracket of Lang would be obvious in view of the similar loops in the brace of the Martin device. It is correct, as appellant urges, that this feature eliminates the possibility, present in Lang, of the supporting frame and supporting bracket being turned excessively about their hinges with resulting entanglement of components. However, we think that Martin makes it apparent that just that type of advantage would arise from use of closed loop connections as shown on its brace. Although appellant refers to Martin's collapsible newspaper rack as "a completely different structure" from Lang's dolly, the fact is that both reference devices involve collapsible supports made of metal wire or rods. It is reasonable to conclude, therefore, that a person of ordinary skill in the art seeking to improve the collapsible feature of the Lang dolly would look to collapsible metal structures such as that of Martin for suggestions.

The only substance of the affidavit submitted by appellant is that the assignee of appellant's application has sold the apparatus here in question for over two years and that over five thousand units were sold in 1966 and 1967. There is no direct evidence that the sales were due to the feature of the device relied on for patentability nor are any circumstances pointed out which would indirectly lead to such a conclusion. For all that the affidavit reveals, the sales might be solely attributable to "the sturdy and reliable construction of the dolly", referred to in appellant's brief. Plainly this is not evidence of commercial success that can be afforded significance in the determination of obviousness under the principles discussed in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

Further argument in appellant's brief that the "problem of entanglement and damage in dollies of the general type with which the Lang patent is concerned has been real and significant in the commercial art for many years" is not supported by any factual showing. Hence, it is no indication of unobviousness in the present subject matter that the Lang patent was available to those skilled in

220

the art along with Martin for almost eight years before the filing date of the present application.

The board's decision is affirmed.

Affirmed.